UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUMMITBRIDGE CREDIT
INVESTMENTS, III, LLC,
          Plaintiff,

     v.                                                  C.A. No. 13-139-ML

HUNT MARINE I, LLC, HUNT TUGS
AND BARGES, INC., KEVIN M. HUNT,
and JOHN CUNNIFF
          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on cross-claim Plaintiff's, John Cunniff ("Cunniff"), motion for sanctions against cross-claim Defendants, Hunt Marine I, LLC ("Hunt Marine"), Hunt Tugs and Barges, Inc. ("HTB"), and Kevin M. Hunt, ("Hunt") (collectively "the Hunt Defendants"). Cunniff seeks declaratory relief, a default finding on liability, and a default judgment awarding damages. The Hunt Defendants have not responded to Cunniff's motion.

I. Background

The Hunt Defendants, through counsel, answered the original complaint filed by Plaintiff Summitbridge Credit Investments III, LLC ("Plaintiff"), Cuniff's cross-claims and amended cross-claims. See Docket ##'s 14, 17 and 42. During the course of the litigation, the Hunt Defendants, again through counsel, submitted a statement of claims in advance of the Rule 16 Conference, and four times requested and were granted extensions of time to respond to Plaintiff's motion for summary judgment and to complete discovery. See Docket ##'s 43, 44, 48, and 52.

1

On October 31, 2013, the Court entered a consent order directing the Hunt Defendants to respond to Cunniff's interrogatories and requests for production of documents by November 11, 2013. See Docket # 51. On November 27, 2013, Cunniff filed the instant motion wherein he advises that the Hunt Defendants have produced no Fed. R. Civ. P. 26 disclosures and have failed to respond to interrogatories and requests for production of documents in derogation of their obligations under the Federal Rules of Civil Procedure and in violation of the October 31, 2013 consent order. In view of the Hunt Defendant's silence, the Court concludes that the Hunt Defendants have no intention to provide the requested discovery to Cunniff or to participate in any meaningful way in this litigation. Indeed, the Hunt Defendants have not responded to the instant motion for sanctions. At a January 17, 2014, status conference with counsel, including counsel for the Hunt Defendants, the Hunt Defendants offered no explanation nor did counsel seek additional time within which to provide the requested information.

## II. Analysis

If a party "fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b) provides the Court with a "veritable arsenal of sanctions in the context of discovery" – including directing that the alleged facts be admitted, prohibiting the non-complying party from supporting or opposing claims or defenses, striking pleadings in whole or in part, dismissing the action or rendering default judgment. Companion Health Services, Inc. v. Kurtz, 675 F.3d 75, 85 (1st Cir. 2012) (internal quotation marks and citation omitted); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The choice of an appropriate sanction is left to the discretion of the court. Smith v. Kmart Corp., 177 F.3d 19 (1st Cir. 1999).

In determining an appropriate sanction, the First Circuit has directed district courts to consider:

> (1) the severity of the violation; (2) the legitimacy of the party's excuse for failing to comply; (3) whether the violations have been repeated, (4) the deliberateness of the misconduct; (5) any mitigating excuses; (6) prejudice to the other side and to the operations of the court; and (7) the adequacy of lesser sanctions. Procedurally, the Court should consider (1) whether the offending party was given sufficient notice, and (2) whether the offending party has been given an opportunity to explain its noncompliance or argue for a lesser penalty.

Angiodynamics, Inc . v. Biolitec AG, ___ F. Supp. 2d ___, 2014 WL 129035, at *6 (D. Mass. Jan. 14, 2014) (citation omitted).

The Court may enter default where a party fails to provide answers to interrogatories or produce documents. Companion Health Services, 675 F.3d 75. "While default judgment is considered a drastic sanction, its entry provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." Id. at 84 (internal quotation marks and citation omitted). This sanction "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam).

The Hunt Defendants have not participated in discovery and have ignored a court order. The Hunt Defendants were given notice of the possibility of default as a sanction for their behavior and a fair opportunity to explain their non-compliance and/or to argue for a lesser penalty; they chose to do neither. By failing to respond to the motion for sanctions, the Hunt Defendants have not provided the Court with any explanation for their behavior. See generally

Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1 (1st Cir. 2011) (if a party fails to respond to a motion for sanctions, a district court may credit the moving party's assertions).

The Court finds that the Hunt Defendants have deliberately failed to comply with their discovery obligations and an order of this Court.  Thus, the factual allegations in Cunniff's cross-claims are deemed admitted and (1) default may enter on Counts II, IV, and VI; (2) a finding of default liability may enter on Counts I, III, V, and VII; and [1], (3) a declaratory judgment may enter on Counts VIII and IX.

Because the Hunt Defendants failed to comply with the October 31 court order, the Court grants Cunniff's request for reimbursement of his reasonable expenses, including attorney's fees, in preparing the motion for sanctions.  See Fed. R. Civ. P. 37(b)(2)(C).  Cunniff shall file a detailed brief supporting his request (with time records) on or before Feb 24, 2014.  The Hunt Defendants will have until March 10, 2014 to respond.

### III.  Conclusion

The clerk is directed to enter:

(1) default on counts II, IV, and VI;

(2)  a finding of default liability on counts I, III, V, and VII;

(3) a declaratory judgment on counts VIII and IX.

As to the declaratory judgment, this Court declares

a. that Cunniff may immediately exercise all rights under the HTB Assignment and the Hunt Marine Assignment;

---

[1] Cunniff and the Hunt Defendants entered into a settlement agreement on or about December 23, 2010.  The settlement agreement provided that the Hunt Defendants were to pay Cunniff $10,000 per month until certain loans were repaid or refinanced.  Cunniff contends that he has received some payments from the Hunt Defendants.  Cunniff, however, does not identify who made a $30,000 payment from "Citizens Bank, dated January 7, 2011."  Cunniff Supplemental Affidavit at ¶5; Docket # 56.  Without identifying which Hunt Defendant made the payment and whether it applied to the monthly payments, the Court cannot accurately calculate damages as of the date of this decision.

b. that Cunniff has complete and total control of HTB and Hunt Marine and all voting rights of all shareholders or members of HTB and Hunt Marine;

c. that Cunniff, on behalf of HTB and Hunt Marine, may sell or otherwise transfer any and all assets of HTB and Hunt Marine to satisfy any and all obligations of HTB and Hunt Marine owed to any person or entity, including Cunniff;

d. that Cunniff may take any and all actions on behalf of HTB and Hunt Marine that are necessary or appropriate to sell or otherwise transfer any and all assets of HTB and Hunt Marine;

e. that Hunt shall not obstruct Cunniff's right to exercise complete and total control of HTB and Hunt Marine and shall affirmatively cooperate in Cunniff's exercise of his rights under the HTB Assignment and Hunt Marine Assignment; and

f. that any specific declarations concerning Cunniff's rights and powers do not restrict or otherwise limit any of Cunniff's rights or powers under the HTB Assignment and the Hunt Marine Assignment.

   The Court will schedule a hearing to determine the appropriate amount of damages on

counts I, III, V, and VII.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
February 10, 2014